Mr. Justice Clayton
delivered the opinion of the court.
Two questions are presented by this record. The first is as to the sufficiency of the bond given for the attachment issued in this cause; the other in regard to the sufficiency of the affidavit.
*284 The bond was executed in the name of the principals, by the attorney who sued out the attachment, and who had no authority under seal for the purpose. This is the objection to it. It was signed by the attorney and another, as sureties, and there is no question as to their sufficiency. The attachment was dismissed upon the motion of the defendant.
The objection to this bond is not valid. The point has been settled in the case of Lindner v. Aaron, 5 How. 586. It is there decided, “ that, upon motion to dismiss the attachment, the court cannot look beyond the face of the bond itself; if it be valid upon its face,'that is sufficient. The authority of the agent is matter aliunde, and forms no part of the bond.” If an action were brought upon the bond, the defendants could only avoid it, upon the plea of non est factum, and it is not competent to the court, upon mere motion, to enter into such examination. Acquiescence under the act of the attorney, or a subsequent recognition of it, would render it as obligatory upon the parties, as a previous authority.
Neither do we think the objection to the affidavit can prevail. The attachment is sued out under the act of 1844, p. 125, chap. 15. It provides that the affidavit shall state that the debtor is about to remove from the state, or has removed, or is about to remove, or has concealed, or is concealing or removing, or about removing his effects, so that the claim will be defeated, or cannot be made; and the facts shall be stated in the affidavit to be within the personal knowledge of the applicant, or that he is informed and believes the facts to be true.
In this case, the affidavit sets out, with a good deal of care, a statement of the facts in regard to the conduct of the defendant, which form the foundation of the belief of the affiant, that Reuben King is concealing his effects by the means stated, so that the claim will be defeated, and that he believes the facts stated to be true.
This affidavit seems to us to contain all that the statute requires, and to be even more full than necessary. A portion of the argument against it, is drawn from unnecessary averments. The concealment of his effects by King, is the ground of the attach *285 ment, and the averment of that fact is stated with sufficient distinctness. The surplusage cannot vitiate.
Neither do we perceive any such variance, between the attachment and the affidavit, as will authorize its dismission.
Judgment reversed, and cause remanded.